IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In Re: | Chapter: 13 |
| **Richard Casby**<br>SSN: xxx-xx-6792 | Case No.: 15-31148-DHW |
| **Debtor** | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY FILED BY WELLS FARGO BANK, N.A. AND REQUEST FOR TELEPHONIC HEARING

Comes now WELLS FARGO BANK, N.A., its principals, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and moves this Honorable Court to set this matter for telephonic hearing and lift the automatic stay in the above-referenced Debtor(s)' Chapter 13 bankruptcy, and to also lift the co-debtor stay, in effect for, Christine Casby, and in support thereof, Creditor avers as follows:

1. This Debtor filed their bankruptcy petition with this Court on 05/01/2015.

2. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

3. The Creditor holds a mortgage lien on the property commonly referred to as 1733 Saddlebrook Dr, Montgomery, AL 36110-1027, and more fully described in the mortgage and note.

4. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor,

directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

5. The Debtor and the Co-Debtor(s), Christine Casby, are all obligated unto the Creditor in accordance with the mortgage or mortgage loan. The Co-Debtor(s) is/are not (a) Debtor(s) in this Chapter 13 case.

6. The Debtor(s) and/or the Co-Debtor(s) is/are presently due, under the terms of the mortgage and mortgage loan, for the months of November, 2015 through the current date.

7. The Creditor has not received post-petition regular monthly routine maintenance mortgage payment(s). The mortgage and loan held by the Creditor is in post-petition default under the terms and conditions stated upon the face of the mortgage and loan documents. The Debtor is in post-petition default.

8. The value of the property is $100,300.00 based on the Debtor's Schedules.

9. The payoff was $75,458.24 as of May 18, 2016.

10. The Debtors' failure to make regular monthly routine maintenance mortgage payments unto the Creditor as they become due post-petition results in a unilateral modification of the mortgage and note between the parties in violation of 11 U.S.C. § 1322(b)(2).

11. The Debtor has not made a good faith effort to provide for and make the regular monthly routine maintenance mortgage payments as they become due in a manner to ensure that the Creditor receives the regular monthly routine maintenance mortgage payments consistent with the terms of the mortgage and mortgage loan documents.

12. The Debtor has willfully violated the terms and provisions of his/her/their Chapter 13 plan, and if applicable the order confirming said plan.

13. The Debtors' actions have caused unreasonable delay that is prejudicial to the Creditor. Further, the Creditor is not adequately protected.

14. The Creditor desires to protect its interests and proceed with taking possession of the property.

## MOTION FOR RELIEF FROM CO-DEBTOR STAY

15. Christine Casby is a co-signer on the mortgage and/or note between the parties.

16. The Debtors' actions and plan provisions have failed to provide the Creditor adequate protection of its rights and interests under its mortgage, mortgage loan and security agreement.

17. The Creditor desires to pursue the Co-Debtor, Christine Casby, for this debt.

## WAIVER OF FED. R. BANKR. P. 4001(a)(3)

18. This is a Chapter 13 bankruptcy case. The Debtor either knows, should know, or has been informed by Debtors' Counsel of the rules of this Bankruptcy Court and the potential penalties for non-compliance. Therefore, the Creditor requests this court waive the fourteen day "stay" in accordance with Fed. R. Bankr. P. 4001(a)(3).

## FUTURE DEFAULT

19. Should this Honorable Court deny the Creditor's Motion for Relief from Automatic Stay, the Creditor would request that this Honorable Court direct that the stay shall be immediately lifted, without further order or notice, as to the Creditor in the event that the Debtor should default on any future payments.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will set this matter for telephonic hearing and to lift, modify, or terminate the automatic stay now in force and effect and shall further terminate the Co-Debtor stay now in

force and effect in order that the Creditor may obtain possession of its collateral and may enforce any and all of its state law rights and remedies in and to the subject collateral; the Creditor further requests that this Court waive the effect of Fed. R. Bankr. P. 4001(a)(3); or IN THE ALTERNATIVE, order an appropriate cure of the post-petition arrearage and default; and grant said Creditor future relief, modification, termination, or lifting of the automatic stay now in force and effect and shall further terminate the Co-Debtor stay now in force and effect in, should the Debtor(s) default on any future payments to be made unto said Creditor, in order that the Creditor may obtain possession of its collateral, may foreclose, or liquidate its collateral under state law, or seek to negotiate a loss mitigation forbearance or other agreement with the debtor in an attempt to avoid foreclosure or other action. Creditor further requests relief from applicable provisions of FRBP 3002.1, once relief from the stay is granted by Court Order. Creditor further requests relief from stay in order to enforce any and all Creditor's rights, title, and interest in and to the subject property, under applicable non-bankruptcy law.

Respectfully submitted,

/s/ Janna L. Ifshin
Janna L. Ifshin (IFS-001)
Diane Murray (MUR-048)
Donald M. Wright (WRI-021)
Enslen Crowe (CRO-098)
Attorney for Creditor

OF COUNSEL:

Janna L. Ifshin
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205-918-5083/Fax: 205-212-2874
jifshin@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing pleading was mailed, first class postage prepaid to the following:

Richard Casby
1733 Saddlebrook Dr
Montgomery, AL 36110

Christine Casby
1733 Saddlebrook Dr
Montgomery, AL 36110-1027

and served via electronic case management to:

Joshua C Milam
Shinbaum & Campbell
566 S. Perry Street
Montgomery, AL 36104
jmilam@smclegal.com

Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

On this the 2nd day of June, 2016.

/s/ Janna L. Ifshin
OF COUNSEL